MEMORANDUM *
Rodulio Adonay Padilla-Sarmiento (“Padilla-Sarmiento”), a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the BIA’s determination of purely legal issues, Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir.2010), and we review for substantial evidence the BIA’s denial of asylum, withholding of removal, and CAT relief. Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir.2007). We grant in part and deny in part the petition for review and we remand.
Padilla-Sarmiento first contends that he has demonstrated past persecution and a well-founded fear of future persecution on account of his gang membership in Honduras and his former gang affiliation. He therefore argues that he is eligible for asylum and withholding of removal. This contention is foreclosed by our intervening *765 caselaw. See Arteaga v. Mukasey, 511 F.3d 940, 944-46 (9th Cir.2007) (holding that neither current nor former gang members constitute a particular social group); see also E-A-G- 24 I & N Dec. 591, 599 (BIA 2008). Accordingly, we deny the petition as to the asylum and withholding of removal claims. See Barrios v. Holder, 581 F.3d 849, 856 (9th Cir. 2009).
Padilla-Sarmiento also argues that the BIA erroneously excluded the testimony of Jorge Avila (“Avila”). Specifically, Padilla-Sarmiento contends that Avila’s testimony would have supported his application for asylum, withholding of removal, and CAT relief. At his hearing, PadillaSarmiento attempted to call Avila as a witness. Relying on 8 C.F.R § 1208.6[1], the IJ excluded Avila’s testimony because he failed to provide the court with a written confidentiality waiver after being advised by his attorney. Padilla-Sarmiento contends that the exclusion of Avila’s testimony violated his due process right to a fair hearing. To the extent this argument relates to the claims for asylum and withholding of removal, for the reasons explained above, we agree with the BIA that any such error was harmless.
Avila’s testimony was also relevant to Padilla-Sarmiento’s claim for relief under CAT. The BIA, however, failed to address the exclusion of Avila’s testimony as it related to Padilla-Sarmiento’s CAT claim, which does not require a nexus to a protected ground. 8 C.F.R. § 1208.16(c)(2). Avila’s testimony was likely probative of whether Padilla-Sarmiento is eligible for CAT relief. Importantly, according to Padilla-Sarmiento’s counsel, Avila would have testified that, he “was in the same gang as [] [PadillaSarmiento], had the same tattoos, went back, and was arrested and, severally mistreated by the Honduran police.... ” AR 240, 273. Although the BIA determined that the exclusion of Avila’s testimony was harmless error as it related to the asylum and withholding of removal claims, it did not make a similar ruling with respect to CAT relief. Moreover, the BIA failed to consider whether, in light of Avila’s willingness to waive any right of confidentiality, the IJ properly invoked § 1208.6 to exclude Avila’s testimony. Accordingly, we remand Padilla-Sarmiento’s CAT claim so that the BIA can address these issues in the first instance. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (holding that where issues were not considered by the BIA, remand is appropriate).
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. 8 C.F.R. § 1208.6(a) provides:
Information contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to § 1208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 1208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General.